UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ARMANDO SOLIS, | ) | 1:05-CV-0498 OWW LJO HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING RESPONDENT'S MOTION |
| v. | ) | TO DISMISS |
| | ) | |
| | ) | [Doc. #8] |
| C. M. HARRISON, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**[1]

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Kings, following his conviction by jury trial on January 11, 2002, of committing a lewd and lascivious act upon a child under the age of fourteen in violation of Cal. Penal Code § 288(a), forcible sexual penetration of a child under the age of fourteen in violation of Cal. Penal Code § 289(a)(1), and unlawful corporal punishment of a child

---

[1] This information is derived from the petition for writ of habeas corpus, Respondent's motion to dismiss the petition, the lodged documents in support of Respondent's motion to dismiss, and Petitioner's traverse.

1  in violation of Cal. Penal Code § 273d(a).  See Lodged Document No. 1. The trial court found the
2  prior conviction allegations true and sentenced Petitioner to serve a total indeterminate prison term
3  of life with the possibility of parole plus 12 years, to run concurrently.  Id.
4       Petitioner thereafter appealed the conviction.  On February 3, 2004, the California Court of
5  Appeal, Fifth Appellate District (hereinafter "5th DCA") affirmed the conviction.  Id.
6       On March 11, 2004, Petitioner filed a petition for review with the California Supreme Court.
7  See Lodged Document No. 2.  Review was summarily denied by the California Supreme Court on
8  April 21, 2004.  See Lodged Document No. 3.
9       On April 14, 2005, Petitioner filed the instant petition for writ of habeas corpus in this Court.
10  Petitioner raises the following three grounds for relief: (1) "The erroneous admission of Jasmine and
11  Steven's reported statements to their grandmother and law enforcment [sic] representative violated
12  appellant's rights to due process, counsel, and confrontation under the Fifth, Sixth, and Fourteenth
13  Amendments and, absent those statements, there is insufficient evidence to support appellant's
14  convictions"; (2) "The Court of Appeal omisson [sic] of a critical fact regarding the admissibility of
15  the children's statements to Karen Castro, this courts [sic] decision that is contrary to precedent, and
16  this courts failure to address appellant's argument that invoking Evidence Code Section 1253
17  violates his rights to due process, counsel, and confrontation under the Fifth, Sixth, and Fourteenth
18  Amendments to the United States Constitution"; and (3) "Trial counsel deprived appellant of the
19  effective assistance of counsel by failing to renew his objection on Sixth Amendment grounds when
20  the trial court asked if he had any legal basis to contest the admissibility of the children's statements,
21  by failing to renew that same objection when Castro and law enforcement representatives testified
22  about those statements and by failing to request that the jury by [sic] properly instructed regarding
23  Petitioner's alleged adoptive admission."
24       On August 4, 2005, Respondent filed a motion to dismiss the petition as a mixed petition
25  containing exhausted and unexhausted claims.
26       On August 25, 2005, Petitioner filed an opposition to Respondent's motion to dismiss.
27  ///
28  ///

**DISCUSSION**

A. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." The Advisory Committee Notes to Rule 5 of the Rules Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the attorney general, thus avoiding the necessity of a formal answer as to that ground." The Ninth Circuit has referred to a respondent's motion to dismiss on the ground that the petitioner failed to exhaust state remedies as a request for the Court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982). Based on the Rules Governing Section 2254 Cases and case law, the Court will review Respondent's motion for dismissal pursuant to its authority under Rule 4.

B. Exhaustion of State Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a

federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

In the instant petition before the Court, Petitioner raises three grounds for relief. Respondent concedes that Ground One is exhausted; however, Respondent argues that Grounds Two and Three have not been presented to the California Supreme Court and are therefore unexhausted. The Court has reviewed the petition for review filed with the California Supreme Court. Grounds Two and Three were not presented in said petition for review. Accordingly, Grounds Two and Three are unexhausted claims.

The instant petition is a mixed petition containing exhausted and unexhausted claims. The Court must dismiss a mixed petition without prejudice to give Petitioner an opportunity to exhaust

the claims if he can do so. See Rose, 455 U.S. at 521-22; Gordon, 107 F.3d at 760. However, Petitioner must be provided with an opportunity to withdraw the unexhausted claims and go forward with the exhausted claims. Jefferson v. Budge, 419 F.3d 1013 (9th Cir.2005); Anthony v. Cambra, 236 F.3d 568, 574 (9th Cir.2000) ("district courts must provide habeas litigants with the opportunity to amend their mixed petitions by striking unexhausted claims as an alternative to suffering dismissal").

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED. This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Petitioner may, at his option, move to withdraw the unexhausted claims within thirty (30) days of the date of service of this Recommendation and proceed with only the exhausted claims. Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir. 1988). If petitioner fails to withdraw the unexhausted claims within the thirty (30) day time frame, the entire petition will be dismissed so Petitioner can return to state court to exhaust the remainder of his claims before filing a new federal petition. Rose, 455 U.S. at 520; Guizar v. Estelle, 843 F.2d at 372. This dismissal will not bar Petitioner from returning to federal court after exhausting available state remedies. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir.1995). However, this does not mean that Petitioner will not be subject to the one year statute of limitations imposed by 28 U.S.C. § 2244(d). Although the limitations period is tolled while a properly filed request for collateral review is pending in state court, 28 U.S.C. § 2244(d)(2), it does not toll for the time an application is pending in federal court. Duncan v. Walker, 121 S.Ct. 2120, 531 U.S. 991 (2001).

Within thirty (30) days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the Objections. Provided Petitioner does not move to withdraw the

U.S. District Court
E. D. California         cd                                    5

1  unexhausted claims, the Finding and Recommendation will be submitted to the District Court for
2  review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are
3  advised that failure to file objections within the specified time may waive the right to appeal the
4  Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
5  IT IS SO ORDERED.

6  **Dated:    September 14, 2005**                       /s/ Lawrence J. O'Neill
   b9ed48                                            UNITED STATES MAGISTRATE JUDGE